IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Vernessa Averett,                                :

            Plaintiff              :         Civil Action 2:07-cv-1167

 v.                                              :         Judge Holschuh

Honda of America Mfg., Inc.,                     :         Magistrate Judge Abel

            Defendant              :

# ORDER

Plaintiff Vernessa Averett brings this action against defendant Honda of America Mfg., Inc. ("HAM") asserting claims for race, age, disability, and religious discrimination. This matter is before the Magistrate Judge on plaintiff Vernessa Averett's December 23, 2008 motion to compel (doc. 11). Defendant HAM's March 4, 2009 motion for leave to file a surreply (doc. 18), which is also before the Magistrate Judge, is GRANTED.

Plaintiff asserts that defendant has refused to provide any discovery related to electronically stored information ("ESI"). For example, plaintiff maintains that defendant has refused to identify the persons responsible for maintaining its computer system. A review of plaintiff's request for production of documents and things related to ESI reveals that the requests are overly broad, unduly burdensome, and irrelevant.

1

*See* doc. 11-3. Plaintiff has failed to show how these requests are relevant to the claims or defense of any party. In light of the length of plaintiff's employment with HAM, the requests are unduly burdensome.

Plaintiff argues that defendant has refused to produce documents clearly relevant to her claims by arbitrarily limiting discovery responses to specific files of its choosing. Plaintiff's first request for production of documents seeks "any and all documents that relate or pertain to Plaintiff to include notes or memoranda from meetings at which Plaintiff was discussed." Although defendant had objections to the request, HAM produced non-privileged documents concerning plaintiff from her personnel, department, associate relations, leave of absence, restrictions management and medical files. Plaintiff argue that this response is evasive because HAM failed to state that no other responsive documents exist. Plaintiff contends that defendant responded to many of plaintiff's request is this manner and cites to Request for Documents numbers 1, 6, 7, 8, 10, 11, 12, 13, 14, 19, 21, 23, 24, 26, 27-44, 52, 54, 65, 66, 67, 72, and 73. Plaintiff seeks an order compelling defendant to conduct a search of all folders and files reasonably likely to contain relevant responsive documents and to produce all documents discovered in the course of that search.

Defendant HAM asserts it has produced all relevant files, and argues that it is not obligated to search for any materials that mention plaintiff in any way on the grounds that such request is not relevant to plaintiff's claims, is not reasonably calculated to lead to the discovery of admissible evidence and is overly broad and

unduly burdensome. HAM maintains that it produced all files likely to contain relevant and responsive information about plaintiff's employment at HAM. Requiring HAM to search *all documents* that may mention plaintiff would be overly burdensome and is unlikely to uncover additional relevant information or information likely to lead to the discovery of relevant information. Defendant acknowledged that as a seventeen-year employee, plaintiff's name may appear in various places outside of the files produced, but the burden of sifting through every folder in every file cabinet in each of HAM's three plants would be great.

>Rule 26(b)(1) provides that a party:

>>may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . . For good cause, the court may Order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Although courts held that the pre-December 1, 2000 version of Rule 26(b)(1) was to be liberally construed, *e.g., Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989), the recent revisions communicate the message that discovery is not unlimited. To obtain discovery without court approval, the information sought must meet the requirement of Rule 26(b)(1) that it be relevant to the claim or defense of any party" Second, the court always has a duty to limit discovery under Rule 26(b)(2)(i)-(iii).

Under Rule 26(b)(2)(i) the court may limit discovery that is unreasonably cumulative, duplicative, or "obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ." The court may also consider whether the "burden or expense of the proposed discovery, outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, a party's resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Rule 26(b)(2)(iii), Fed. R. Civ. P. Moreover, the court has the power to issue a protective order to prevent a party or third party to the litigation from experiencing "annoyance, embarrassment, oppression, or undue burden or expense" of discovery. The court may also protect privacy interests, confidential trade secrets, confidential business information, and the like. Rule 26(c), Fed. R. Civ. P

In *Wards Cove,* 490 U.S. at 657, the Supreme Court held that the discovery provisions of the pre-December 1, 2000 version of Rule 26(b)(1) gave "plaintiffs broad access to employers' records in an effort to document their claims." Nonetheless, a plaintiff's discovery is normally limited to the employer's conduct toward similarly situated employees who were supervised by the same supervisors alleged to have engaged in the unlawful discriminatory conduct. *See, Scales v. J. C. Bradford & Co.*, 925 F.2d 901, 906-07 (6th Cir. 1991); *Hill v. Motel 8,* 25 F.R.D. 490, 495 (S.D. Ohio 2001); *Early v. Champion International Corp.*, 907 F.2d 1077, 1084 (11th Cir. 1990); *Franklin v. Living Centers-East, Inc.*, 1999 WL 615171 (E.D. La. Aug. 12, 1999); *Obijulu v. City of Rochester*, 166 F.R.D. 293, 296 (W.D. My. 1996); *Hasselhorst v. Wal-Mart Stores, Inc.*, 163 F.R.D. 10, 11

(D. Kan. 1995). *See also, Williams v. Nashville Network*, 132 F.3d 1123, 1130 (6th Cir. 1997) (trial court properly excluded testimony of two non-party former employees who testified they were also discriminated against because of their age, because their situations were dissimilar and the same supervisors who allegedly discriminated against the plaintiff were not involved). Thus, courts frequently limit discovery to comparable employees within the same employment unit or division. *E.g., Glenn v. Williams,* 209 F.R.D. 279, 281 (D.C. D.C. 2002).

Although HAM did not explicitly state that "no other responsive documents exist" as plaintiff urges it should have, HAM is not required to search additional files and locations for other potentially responsive documents. There is no question that a written response by trial counsel is a certification that counsel and client, together, have made a diligent search for responsive documents. Averett has not identified with any particularity any documents which she believes exist and have not been produced to her. Further, plaintiff has failed to identify any types of files beyond her personnel, department, association relations, leave of absence, restrictions management, and medical file which would likely contain information relating to her that is relevant to the claims and defenses of the parties. There is no reason, therefore, to direct that Honda undertake any additional search in response to these discovery requests. Defendant is, however, obligated to respond honestly and completely to discovery requests, and failure to do so will result in sanctions. *Bratka v. Anheuser-Busch*, 164 F.R.D. 448, 463 (S.D. Oh. 1995).

Plaintiff also argues that defendant objected to the production of clearly relevant documents based upon unsubstantiated claims of lack of relevance or undue burden. Plaintiff specifically cites requests numbers 48, 49, 20 and 55.

Request number 48 seeks:

> Any and all documents that relate or pertain to any reprimand, demotion or other disciplinary action taken against a "harasser" (see definitions) as a result of any complaint(s), charge(s), report(s), or allegation(s), formal or informal, that he/she had engaged in harassment, discrimination and/or retaliatory conduct against any person other than Plaintiff, at any time during her employment with you.

Doc. 11-2, p. 26. Request number 49 seeks:

> Any and all documents that relate or pertain to any investigation of any complaint(s), charge(s), report(s) or allegation(s), formal or informal, of harassment, discrimination and/or retaliation, which were made by any person other than Plaintiff, against a "harasser" (see definitions) at any time during his/her employment with you.

*Id*. at 27. Defendant asserts that plaintiff defines "harasser" as "any person identified by Plaintiff or any other employee of defendant as a person engaged in harassment," although this definition does not appear to be restated in defendant's responses. Request numbers 48 and 49 are overly broad. HAM notes that during the seventeen years that plaintiff worked at HAM, it had more than 13,000 employees. Plaintiff seeks information regarding any employee despite difference in the department, shift or geographical location of the plant. This is beyond the scope of permissible discovery.

Request number 20 seeks "[a]ny and all charts, diagrams, or other documents that relate or pertain to the organizational structure of Defendant and any parent or

6

subsidiary of Defendant." Doc. 11-2, p. 11. Request number 55 seeks "[a]ny and all documents that describe, summarize, constitute, reflect, evidence or memorialize the floor plan of the Anna Engine Plant." Doc. 11-2, p. 29. HAM objects to these requests on the grounds that they seek discovery that is not relevant to plaintiff's claims, not reasonably calculated to lead to the discovery of admissible evidence, and is vague, overly broad and unduly burdensome. With respect to request numbers 20 and 55, defendants further argue that the documents are confidential or proprietary business information. With respect to requests numbers 20 and 55, plaintiff has failed to show how this evidence is relevant to her discrimination and retaliation claims.

In its response to plaintiff's motion, defendant relied primarily on the December 31, 2008 Order in *White v. Ham*, Case No. 2:07-cv-00216 ruling on a similar motion to compel against the same defendant. In her reply in support of the motion, Averett distinguishes this case from the *White* case on the basis that White's claims are limited to claims of race discrimination. Plaintiff also argues that she has asserted a claim for religious discrimination, unlike the *White* plaintiff. Averett argues that she was counseled, reprimanded and ultimately terminated because of her religious beliefs. She maintains that defendant's policy prohibiting the use of abusive or threatening language, either to, or about, fellow associates unlawfully punishes employees with strongly held Christian beliefs. Plaintiff contends that she informed defendant of her Christian beliefs and repeatedly complained of harassment, and she was disciplined and fired for stating fundamental principles of her faith.

Plaintiff argues that her discovery requests are aimed at determining the existence of a policy or practice of discriminating on the basis of religious belief. According to Averett, the discovery requested is aimed at establishing how Christians at HAM receive disparate treatment by revealing whether Muslims or Hindus have been disciplined for similar expressions of faith. The discovery also seeks information regarding adverse actions taken against other employees on the basis of "threatening language" to determine whether the statements made by Averett were objectively "threatening" when compared to that of other employees subjected to discipline for the same misconduct. Plaintiff maintains that if her statements were not objectively threatening, then she was subject to religious discrimination.

In her reply in support of her motion to compel, Averett makes an addition request for an order compelling defendants to answer interrogatories numbered 14, 15, 16, and 17. She also seeks documents responsive document requests numbered 45, 46, 47, 48, 49, 60, 61, 62, 63, 64, and 78, some of which have already been discussed. Interrogatory numbers 14-17 primarily seek information regarding lawsuits, administrative claims, or internal complaints filed against HAM that included claims for discrimination for the years plaintiff was an employee. With respect to interrogatory numbers 14, 15, 16, and 17, plaintiff's motion is denied for the same reasons identified with respect to document production requests 48 and 49.

Document request numbers 45, 46, 47, 48, 49, and 78 seek documents related to any employee identified as a "harasser" by plaintiff or any other employee of HAM.

8

Document request numbers 60-64 relate to the investigation of plaintiff's complaints of misconduct, retaliation, and discrimination, including the educational background, training, and prior investigations of the individuals who investigated plaintiff's complaints. The requests are also overly broad. As previously stated, HAM had more than 13,000 employees during the time frame for which plaintiff seeks this information. Given differences in the department, shift or geographical location of the plant, this is beyond the scope of permissible discovery.

For the reasons stated above, plaintiff Vernessa Averett's December 23, 2008 motion to compel (doc. 11) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel  
United States Magistrate Judge
