IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Vernessa Averett,                          :

        Plaintiff,                 :        Case No. 2:07-cv-1167

        v.                         :        Judge Holschuh

Honda of America Mfg., Inc.,               :        Magistrate Judge Abel

                                   :
        Defendants.
                                   :

**ORDER**

Plaintiff Vernessa Averett brings this action against Defendant Honda of America Mfg., Inc. ("HAM") arising from the termination of her employment. This matter is before the Magistrate Judge on Defendant's February 26, 2009 Motion to Strike Plaintiff's Expert Designations (Doc. #17).

For the reasons that follow, Defendant's Motion to Strike Plaintiff's Expert Designations is DENIED.

**I.     FACTS**

On November 13, 2007, Plaintiff Vernessa Averett filed this action alleging that Defendant HAM engaged in racial, age, disability, and religious discrimination as well as reprisal for reporting and/or opposing discrimination by Defendant. (Doc. #2 at ¶1). Plaintiff alleges that she "suffered mental and emotional upset" as a result of the hostile work environment maintained by Defendant. (Doc. #2 at ¶17). Plaintiff further alleges that as a direct and proximate result of Defendant's knowing, intentional and

1

willful actions Plaintiff has suffered and will continue to suffer pain, humiliation, embarrassment, mental anguish, emotional distress, and loss of earnings, other employment benefits, other job opportunities, and future earning capacity. (Doc. #2 at ¶¶21, 26, 29, 35, 45, and 52).

On May 1, 2008, Magistrate Judge Abel held a preliminary pretrial conference and issued a corresponding order directing that "[a]ny expert who may give evidence supporting a party's claims or defenses must make his or her Rule 26(a)(2) disclosures no later than September 1, 2008." (Doc. #9 at p. 2). The parties were also informed that:

> [g]enerally, treating physicians and psychologists are not specially retained within the meaning of Rule 26(a)(2)(B). *Fielden v. CSX Transportation, Inc.*, 482 F.3d 866, 869-71 (6th Cir. 2007). Unlike specially retained experts, treators make available office notes and other treatment records created for the purpose of providing medical care over a period of time to their patient. Their business is providing medical care to patients, not providing expert opinions for litigation. They should not be burdened with preparing a Rule 26(a)(2) report. Plaintiff as a party is required to respond to interrogatories about what medical opinions plaintiff intends to elicit from treators. Defendant may depose treators.

(Doc. #9 at p. 3).

On September 2, 2008, counsel for Plaintiff sent an email to counsel for HAM with the subject heading "RE: Averette [*sic*] Designation of Experts and Rule 26 Reports" which is presently at issue. (Doc. #17-2). The body of the email stated:

> My paralegal was off today and I did not realize it so I apologize for providing the attached reports by e-mail. They will be sent to you by regular mail in the next few days. We will be using the reports of Dr. Moon and Dr. Long which were presented to Honda in connection with Ms. Averette's [*sic*]

> worker's comp claims. Nevertheless, to the extent those reports may be deemed Rule 26 reports they are being provided to you again.
>
> Other providers who treated Ms. Averette [*sic*] are listed below. We will only be calling Ms. Averette's [*sic*] treating providers and then only if the relevant medical records are deemed insufficient. For that reason, most of the experts indentified below will not be called unless it is necessary to authenticate medical records. In reviewing the file I find we do not have addresses for two providers. I will supplement the following information with addresses very soon. If this delays your identification of experts in any way I apologize and will be glad to agree to any additional time you need to identify experts. These are all providers related to Ms. Avertette's [*sic*] workers comp claims so you should have a complete set of medical records from these providers. If that is not the case please let me know. Unlike the other case, I do not anticipate a privilege claim. An executed release is attached.

(Doc. #17-2). The body was followed by a list of providers, which included Dr. Moon and Dr. Long. (Doc. #17-2). Their reports were attached to the email. (Doc. #17-3, and 4).

On January 20, 2009, Defendant deposed Dr. Moon. (Doc. #17-5). Following the deposition on February 26, 2009, Defendant filed the present Motion to Strike Plaintiff's Expert Designations. (Doc. #17). Defendant interpreted the email above as "counsel for Plaintiff purported to make expert disclosures, as required by Federal Rules of Civil Procedure 26(a)(2), and indentified both Dr. Moon and Dr. Long as potential expert witnesses." (Doc. #17 at p. 2). Defendant argues that Dr. Moon and Dr. Long have not been retained to provide expert testimony and thus should be struck as experts, that if they were later retained as experts they should be struck because Plaintiff has not complied with the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B), and that any subsequent disclosure would be untimely pursuant to the preliminary pretrial

3

order providing expert designations to be made by September 1, 2008. (Doc. #17 at p. 4). Defendant notes that the report of Dr. Moon attached to the email was not addressed to Plaintiff's counsel in the instant case, was prepared well before this case was filed, and along with the other report of Dr. Long's "failed to include a list of the doctors' qualifications, a list of other cases in which they had testified as an expert witness during the last four years, or a statement of the compensation to be paid for their testimony in this case as required by Rule 26(a)(2)(B)." (Doc. #17 at p. 2-3). Defendant further moves the Court to sanction Plaintiff pursuant to Fed. R. Civ. P. 37(c)(1) for failure to comply with Fed. R. Civ. P. 26(a)(2)(b) by striking Dr. Moon and Dr. Long as experts for purposes of summary judgment, preventing them from testifying as expert witnesses at trial, and ordering Plaintiff to reimburse HAM for its costs and attorney fees incurred in connection with the present motion and the deposition of Dr. Moon. (Doc. #17 at p. 6-7).

On March 18, 2009, Plaintiff responded to the present motion and requested that the Court sanction Defendant "for filing a frivolous motion in violation of Local Rule 37.1." (Doc. #19 at p. 1). Plaintiff states that the above email "makes it clear that Dr. Moon and Dr. Long would not be called to testify and that their reports were not being designated *by Plaintiff* as Rule 26 reports." (Doc. #19 at p. 2 (emphasis is in original)). Plaintiff states that she intended to use Dr. Moon's and Dr. Long's reports "as evidence to the extent they were relevant and admissible." (*Id.* at p. 3). Plaintiff argues that any ambiguity in the above email should have been resolved by a phone call from Defendant prior to the deposition of Dr. Moon or filing the instant motion pursuant to

4

Local Rule 37.1 which Plaintiff argues makes it clear "that discovery disputes are to be brought to the Court only as a last resort and only after all other avenues for resolution have been exhausted." (Doc. #19 at p. 4). Plaintiff "requests an award of sanctions in the form of reasonable attorney's fees incurred in responding to Defendant's Motion." (*Id.*).

## II. STANDARD

The Federal Rules of Civil Procedure provide generally that in terms of expert disclosures "[i]n addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Further:

> Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> **(i)** a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> **(ii)** the data or other information considered by the witness in forming them;
>
> **(iii)** any exhibits that will be used to summarize or support them;
>
> **(iv)** the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> **(v)** a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
>
> **(vi)** a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Failure to disclose or supplement required disclosures may result in sanctions:

> [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure. . . .

Fed. R. Civ. P. 37(c)(1).

In *Fielden v. CSX Transp., Inc.*, the Sixth Circuit recognized that "Rule 26(a)(2)(B) by its terms provides that a party needs to file an expert report from a treating physician only if that physician was 'retained or specially employed to provide expert testimony.'" 482 F.3d 866, 869 (6th Cir. 2007) (*quoting* Fed. R. Civ. P. 26(a)(2)(B)). The Court explained that the Advisory Committee Notes support the conclusion "[t]he Note to Rule 26 states that '[a] treating physician ... can be deposed or called to testify at trial without any requirement for a written report.'" *Fielden*, 482 F.3d at 869 (*quoting* Fed. R. Civ. P. 26(a), cmt. 1993 Amendments, subdivision (a), para. (2)). The Court noted that allowing treating physician to testify without the need for an expert report could lead to circumvention of the policies underlying the expert report requirement, but noted that the scope of the physician's testimony is determinative such that "a report is not required when a treating physician testifies within a permissive core on issues pertaining to treatment, based on what he or she learned through actual treatment and from the plaintiff's records up to and including that treatment." *Fielden*, 482 F.3d at 870-71. The Court distinguished the situation in which an expert report is

6

not required of a treating physician from the situation involving a treating physician's opinion that was rendered in anticipation of litigation that would require an expert report. *Id.* at 871.

The Federal Rules of Civil Procedure further provide that in general:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a)(1).

### III. DISCUSSION

Defendant argues that Plaintiff's September 2, 2008, email identified both Dr. Moon and Dr. Long as potential expert witnesses and that the attached reports by the doctors prepared in conjunction with Plaintiff's workers' compensation claim were deficient as Rule 26(a)(2)(B) expert reports for purposes of the instant case. (Doc. #17 at p. 2-3). The Court agrees with Defendant that Plaintiff's email is somewhat ambiguous in light of the subject of the email "RE: Averette [*sic*] Designation of Experts and Rule 26 Reports" and the language of the email is unclear as to which providers Plaintiff intended to hold out as treating physicians (with the possibility of being called). (Doc. #17-2). The first paragraph refers to Dr. Moon and Dr. Long specifically. (*Id.*). The second paragraph then goes on to say "[o]ther providers who treated Ms. Averette are listed below. We will only be calling Ms. Averette's treating providers . . ." (*Id.*). The language of the email could reasonably be interpreted as including Dr. Moon and Dr. Long among the treating providers. The "other providers" language at

7

least seems to indicate that the list will indentify providers in addition to those specifically mentioned above (Dr. Moon and Dr. Long). (*Id.*). Furthermore, Dr. Moon and Dr. Long were again listed below along with the "other providers" that Plaintiff appeared to be holding out as possibly intending to call as experts. (*Id.*).

If Defendant interpreted the email as identifying Dr. Moon and Dr. Long as treating providers, then Defendant's motion ignores the language quoted above in the May 1, 2008, preliminary pretrial order of Magistrate Judge Abel that cautions that generally treating physicians and psychologists are not experts retained within the meaning of Rule 26(a)(2)(B). (Doc. #9 at p. 3 (*citing Fielden v. CSX Transportation, Inc.,* 482 F.3d 866, 869-71 (6th Cir. 2007)). The order explains that ordinarily treating physicians are in the business of providing medical care and not expert opinions to be used in litigation such that they should be burdened with providing a report. (Doc. #9 at p. 3). Defendant was aware that the Dr. Moon's report related to his May 3, 2007 examination of plaintiff and for Plaintiff's workers' compensation attorney and was not prepared for the instant litigation. If the doctors were considered treating providers, then the Court could not hold Plaintiff accountable to the extent that these reports were deficient in terms of the Rule 26(a)(2)(B) requirements. As was the case in *Fielden*, Plaintiff's disclosure of the names of the treating physician would alone make Plaintiff in compliance with Rule 26(a)(2)(A)'s disclosure requirement without any further information. 482 F.3d at 870. If Defendant needed additional information about the medical opinions the doctors would express, it was free –as the preliminary pretrial order indicated- to serve interrogatories on Plaintiff as a party. (Doc. #9 at 3).

Defendant's argument that Plaintiff's failure to comply with Rule 26(a)(2)(B) left HAM with "no way of knowing the opinions she intends to elicit from Dr. Moon or Long in order to conduct appropriate depositions exploring those opinions or to effectively cross examine them at trial" is thus not well taken. (Doc. #17 at p. 6). Any additional expense to Defendant in deposing the doctors could have been mitigated by following the preliminary pretrial order and the Court does not find that Plaintiff should bear that expense.

While the Court finds the language of Plaintiff's email ambiguous as to whether Dr. Moon and Dr. Long were being held out by Plaintiff as treating providers at the time of the initial confusion, the Court agrees with Plaintiff subsequent argument that "Dr. Moon and Dr. Long are not 'treating providers' as evidenced by their own reports." (Doc. #19 at p. 4). A review of the reports shows that Dr. Moon and Dr. Long were one time examiners employed to state opinions on the issue of disability for Plaintiff's workers' compensation claim and are not treating physicians within the *Fielden* ruling, for the reasons supplied by Plaintiff. (*Id.*; *See* Doc. #17-3 and 4). If the witness is one retained or specially employed to provide expert testimony, who is not a treating physician, then Plaintiff would be required to provide a Rule 26 report. *See* Fed. R. Civ. P. 26(a). When Defendant filed the motion to strike, it was unclear whether Plaintiff intended to retain and specially employ the doctors to provide expert testimony. Defendant's argument that Plaintiff revealed "the true reason for why she is not <u>now</u> calling Drs. Moon and Long as experts: '[I]n the months following the e-mail, Plaintiff was unable to marshal the resources to specially retain these experts for

this litigation'" lends credibility to Defendant's position of being confused as to how the doctors were going to be used in the instant litigation. (Doc. #27 at p. 3). The Court further agrees with Defendant that the reports are likely inadmissible hearsay and Plaintiff has not provided the Court with any argument or justification as to how the reports are in fact admissible, which makes Defendant's belief that they were included as Rule 26 reports all the more plausible. (Doc. #27 at p. 2).

Still, the Court finds Defendant's motion premature. Defendant's motion to strike is based on a failure of Plaintiff to disclose according to the requirements of Rule 26(a)(2). Fed. R. Civ. P. 37(c)(1). Defendant's motion falls within Rule 37(c)(1) and thus must have the certification required by Rule 37(a)(1) "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Plaintiff argues that the miscommunication in this case could have been remedied by Defendant with the courtesy of a phone call. (Doc. #19 at p. 4). Defendant did not make the certification required by Rule 37(a)(1), nor has it offered any evidence that Defendant's counsel attempted to discuss the failure to comply with the requirements of Rule 26(a)(2) with Plaintiff's counsel. Accordingly, Defendant's motion to strike is denied for failure to comply with Rule 37(a)(1). Defendant's request for sanctions is also denied.

Plaintiff has also requested sanctions in this case pursuant to Local Rule 37.1 in the form of reasonable attorney's fees incurred in responding to Defendant's Motion. (Doc. #19 at p. 4). To the extent that the Court finds Plaintiff's September 2, 2008, email

10

to be somewhat ambiguous in light of the reasons mentioned above, the Court does not find Defendant wholly responsible for the miscommunication in this case and the subsequent costs associated with the resolution of this motion. (Doc. #17-2). Plaintiff argues that she "never designated Dr. Moon or Dr. Long as Rule 26 experts." (Doc. #19 at p. 3). The Court does not find that Plaintiff's intended use of Dr. Moon and Dr. Long was clear at the time Defendant's motion was filed. It is clear that Plaintiff does not intend to offer expert testimony from the doctors at trial. Plaintiff further argue that Defendant would have been fully informed as to the status of Dr. Moon by extending the courtesy of a phone call to Plaintiff. (Doc. #19 at p. 3). As Defendant points out, Plaintiff's counsel "received a subpoena for Dr. Moon's deposition and appeared on the record at the same." (Doc. #27 at p. 3). Plaintiff should have been alerted to the possible miscommunication between the parties' counsel as to the use of Dr. Moon as an expert when Defendant took the time and expense to depose Dr. Moon. The Court agrees that communication could have been better between the parties' counsel in this case. However, the Court does not find the Defendant fully responsible such that an award of sanctions is reasonable or justified in responding to Defendant's motion.

IV. **CONCLUSION**

For the reasons set out above, Defendant's February 26, 2009 Motion to Strike Plaintiff's Expert Designations (Doc. #17) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by

the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/ Mark R. Abel<br>
United States Magistrate Judge