IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNESSA AVERETT, | : | |
| Plaintiff | : | Civil Action 2:07-cv-1167 |
| v. | : | Judge Holschuh |
| HONDA OF AMERICA MFG., INC., | : | Magistrate Judge Abel |
| Defendant. | : | |

**OPINION AND ORDER**

Factual background

This matter is before the Court pursuant to Defendant's Objections to the July 9, 2009 Order of the Magistrate Judge (Doc. 35). On February 25, 2009, Defendant filed a Motion to Strike Plaintiff's Expert Designations (Doc. 17). It requested that the Court strike Plaintiff's designation of Drs. Dong S. Moon and Kent C. Long as expert witnesses, for failure to comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure.

The circumstances at issue are accurately described in the order to which Defendant objects, and the Court will summarize them briefly here. On September 8, 2008, counsel for Plaintiff sent an email to Defendant's counsel entitled "RE: Averette [sic] Designation of Experts and Rule 26 Reports." (Doc. 17-2.) The text of the email stated:

> My paralegal was off today and I did not realize it so I apologize for providing the attached reports by e-mail. They will be sent to you by regular mail in the next few days. We will be using the reports of Dr. Moon and Dr. Long which were presented to Honda in connection with Ms. Averette's worker's comp claims. Nevertheless, to the extent those reports may be deemed Rule 26 reports they are being provided again.
>
> Other providers who treated Ms. Averette are listed below. We will only be calling Ms. Averette's treating providers and then only if the relevant medical records are deemed insufficient. For that reason, most of the experts identified below will not be called unless it is necessary to authenticate medical records. In reviewing the file I find we do not have addresses for two providers. I will supplement the following information with addresses very soon. If this delays your identification of experts in any way I apologize and will be glad to agree to any additional time you need to identify experts. These are all providers relating to Ms. Averette's workers comp claims so you should have a complete set of medical records from these providers. If that is not the case please let me know. Unlike the other case, I do not anticipate a privilege claim. An executed release is attached.

The body of this email was followed by a list of eleven doctors, including Drs. Moon and Long. Attached to the email were May 11, 2007 and June 7, 2007 independent medical examination reports by Drs. Moon and Long.

On January 20, 2009, Defendant deposed Dr. Moon. (Doc. 17-5.) Dr. Moon's deposition responses made it clear that he had not been retained as expert witness, had no knowledge of the existence of this litigation, and was not Plaintiff's treating physician. On February 26, 2009, Defendant filed the instant motion to strike Plaintiff's expert designations. It asserted that:

> In the e-mail, counsel for Plaintiff purported to make expert disclosures, as required by Federal Rule of Civil Procedure 26(a)(2), and identified both Dr. Moon and Dr. Long as potential expert witnesses. [...] Dr. Moon's May 11, 2007 report, as well as his deposition testimony, make it clear that he has not been retained to provide expert testimony in this case pursuant to Federal Rule of

2

> Evidence 702, 703, or 704. For that reason alone, Dr. Moon should be struck as an expert. Similarly, Dr. Long[...] should be struck as well.

(Doc. 17.) Defendant also argued at length that the worker's compensation reports produced by these doctors in 2007 were not in compliance with the expert witness report requirements of Fed. R. Civ. P. 26(a)(2)(B). The relief sought by Defendant was for Plaintiff to be prohibited from presenting the expert testimony of Drs. Moon and Long in connection with a summary judgment motion or at trial. In addition, Defendant sought an award of attorney's fees to reimburse it for the deposition of Dr. Moon and for filing the motion to strike.

Plaintiff rejoined that Defendant's motion was frivolous. She maintained that her counsel's email clearly stated that she would be calling only "treating providers", and that she was producing the Moon and Long reports only "to the extent those reports may be deemed Rule 26 reports." Plaintiff stated that she had never designated Drs. Moon and Long as expert witnesses, and that she simply intended to use their reports "as evidence to the extent they were relevant and admissible." She argued also that the misunderstanding at issue could have been resolved with a single phone call, and that Defendant should be sanctioned for having failed to exhaust extrajudicial means for resolving differences pursuant to S. D. Ohio Civ. R. 37.1.

In his order of July 9, 2009, the Magistrate Judge denied the motion to strike. The Court agreed that Plaintiff's counsel's email was somewhat ambiguous as to whether she was identifying Drs. Moon and Long as treating providers,

possible experts, or simply "other providers."  In addition, the Court agreed that it was unclear at the time at which Defendant filed its motion whether Plaintiff intended to retain the doctors to provide expert testimony, and that "the reports are likely inadmissible hearsay and Plaintiff has not provided the Court with any argument or justification as to how the reports are in fact admissible, which makes Defendant's belief that they were included as Rule 26 reports all the more plausible." (Doc. 34 at 10.)

Nevertheless, the Court found that Defendant's motion fell within the requirement of Fed. R. Civ. P. 37(a)(1) that such a request include a certification that the movant had in good faith conferred or attempted to confer with the person or party failing to make disclosure.  It accordingly denied the motion to strike, as well as Defendant's request for sanctions.  Finding that Plaintiff's email was ambiguous, however, the Court found that Defendant was not wholly responsible for the miscommunications in this case and denied Plaintiff sanctions as well.

## Analysis

Defendant now objects to the Magistrate Judge's order.  It argues that a Rule 37(c)(1) evidentiary motion does not require consultation with opposing counsel prior to filing, and that S. D. Ohio Civ. R. 37.1 likewise does not require such consultation in this situation.  Furthermore, Defendant argues that conferring before filing the motion would not have cleared up the legal dispute over the status of these two doctors:

4

> The Magistrate Judge found that Drs. Moon and Long were not treating physicians. Magistrate Judge Abel also found that as specially retained experts, their reports would have to comply with Rule 26. HAM moved to strike Drs. Moon and Long as specially retained experts precisely because their Rule 26 Reports did not comply with Rule 26(a)(2). In response, Plaintiff stated that, "Dr. Moon and Dr. Long['s] ... reports were not being designated by Plaintiff as Rule 26 reports." Given this, HAM's Motion should have been granted; the doctors should have been struck as experts; and their testimony should have been excluded.

(Doc. 35 at 8-9 (citations omitted).)

In the first place, the Court finds that this controversy has become moot. Plaintiff claims that she never designated Drs. Moon and Long as Rule 26 experts. (Doc. 19 at 3.) She claims that she has been unable to retain these doctors as experts for this litigation. (*Id.*) She also explicitly states that she does not consider them, and will not argue that they are, "specially retained" experts. (Doc. 36 at 4.) Plaintiff is on record that she has no expert witnesses for purposes of Fed. R. Civ. P. 26(a)(2)(A). There is therefore no list of expert witnesses from which to strike Drs. Moon and Long; all parties are in agreement that they are not experts and will not be called as such.

As there is no relief which now need be granted the Defendant on its motion, the only issue remaining is whether it was error for the Magistrate Judge to deny Defendant sanctions to reimburse it for its costs and attorney's fees incurred in connection with the deposition of Dr. Moon and the fees incurred in making this motion. Regardless of whether Defendant was obligated by the federal or local rules to confer with Plaintiff about the status of the two doctors, the Magistrate Judge's

5

finding that this situation arose due to poor communications is apt. As the preliminary pretrial order stated, "Plaintiff as a party is required to respond to interrogatories about what medical opinions plaintiff intends to elicit from treators." (Doc. 9 at 3.) When confronted with the ambiguous email, and what appeared to be an assertion that two 2007 workers' compensation examination reports were intended to be expert witness reports in this litigation, Defendant's counsel could have responded to the email, or called Plaintiff's counsel, or served interrogatories requesting clarification of the capacities in which the various doctors might be called. Defendant instead took Dr. Moon's deposition.[1] As Defendant appears to have done little to mitigate the expenses caused by Plaintiff's ambiguity, the Magistrate Judge was correct to find that sanctions are unwarranted here.

Plaintiff has asserted that she intends to argue, should the issue arise, that "the reports and/or testimony of Doctors Moon and Long are admissible even though they are not "specially retained" experts under Rule 26. (Doc. 36 at 4.) Defendant objects to this line of reasoning: "The Magistrate Judge's failure to strike Drs. Moon and Long as experts begs the question: If the doctors are neither treating physicians, nor specially retained experts, what type of witnesses are they? [...]

---

[1] Defendant asserted in its motion that the reports of Drs. Moon and Long contained none of the information required by Rule 26(a)(2)(B). (Doc. 17 at 4.) Given this putatively comprehensive failure to produce a valid report, it is unclear why Defendant took Dr. Moon's deposition. "A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, *the deposition may be conducted only after the report is provided.*" Fed R. Civ. Pro. 26(b)(4)(A) (emphasis added).

Plaintiff should not be permitted to call Drs. Moon and Long as witnesses, create a loophole and circumvent Rule 26(a)(2)'s mandates." (Doc. 35 at 9.)

Whether or not the two worker's compensation reports could be introduced into evidence, for what purpose they could be used, and whether (and to what) the two doctors could testify at trial are not questions which have been properly raised or briefed here. The Court will not consider them today. It finds only that Plaintiff has identified no expert witnesses.

## Conclusions

For the reasons set forth herein, Defendant's Objections (Doc. 35) are **OVERRULED**.

**IT IS SO ORDERED.**

Date: November 12, 2009
/s/ **John D. Holschuh**
John D. Holschuh, Judge
United States District Court